FILED BY ⎰⎰ D.C.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

05 AUG -3  AM 8: 52

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| DAFFNEY THOMAS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 04-2314-M1/V |
| | ) | |
| CITY OF MEMPHIS, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS OF
DEFENDANT CITY OF MEMPHIS**
**ORDER GRANTING MOTION TO DISMISS OF DEFENDANTS SHELBY COUNTY
GOVERNMENT, MAYOR A.C. WHARTON, AND SHERIFF MARK LUTTRELL**
**ORDER DENYING MOTION TO DISMISS OF DEFENDANT JERRY KING**
**AND**
**ORDER GRANTING MOTION TO DISMISS OF DEFENDANT LIEUTENANT MICHAEL
JEFF CLARK**

---

Before the Court are the following motions: the motion to
dismiss of Defendants Shelby County Government, Mayor A.C.
Wharton, and Sheriff Mark Luttrell, filed September 15, 2004; (2)
the motion to dismiss of Defendant Lieutenant Michael Jeff Clark,
filed September 20, 2004; (3) the motion to dismiss of Defendant
City of Memphis, filed October 18, 2004; and (4) the motion to
dismiss of Defendant Jerry King,[1] filed December 22, 2004.
Plaintiff only filed a response to the September 15, 2004, motion
to dismiss of Defendants Shelby County Government, Mayor A.C.
Wharton, and Sheriff Mark Luttrell.  That response was filed on

---

[1] Defendant Jerry King's motion is entitled as a motion to
dismiss and/or in the alternative for summary judgment.



November 1, 2004.  The Court will rely on the arguments raised in the November 1, 2004, response to the extent they are relevant in resolving the motions to dismiss before the Court.  For the following reasons, the Court GRANTS in part and DENIES in part the motion to dismiss of Defendant City of Memphis; GRANTS the motion to dismiss of Defendants Shelby County Government, Mayor A.C. Wharton, and Sheriff Mark Luttrell; DENIES the motion to dismiss of Defendant Jerry King; and GRANTS the motion to dismiss of Defendant Lieutenant Michael Jeff Clark.

## I.   **BACKGROUND**

This case arises out of Plaintiff's allegations that Defendants failed to maintain a smoke free environment in the workplace in violation of a City of Memphis Ordinance prohibiting smoking in public buildings and thereby deprived Plaintiff of her constitutional and statutory rights.  According to the allegations in Plaintiff's Complaint, Plaintiff is employed as an officer with the Memphis Police Department ("MPD") and has been employed as an MPD officer for approximately twelve years.

On or about July 25, 2001, Plaintiff was given a temporary assignment to the Auto Theft Division of the MPD, which was located in the Criminal Justice Complex at 201 Poplar Avenue in Memphis, Tennessee.  Upon commencing her assignment at the Auto Theft Division, Plaintiff noticed the smell of cigarettes in the upper floors of the Criminal Justice Complex.  She subsequently learned that smoking was openly permitted in the stairwells on

2

the 8th-13th floors as well as in the offices of the Auto Theft
Division and Project Safe Neighborhood Department. Plaintiff
further alleges that non-smoking signs did not deter officers,
employees, and others from openly smoking in non-ventilated
rooms, stairwells, restrooms and other locations; that on any
given day at the Criminal Justice Complex, cigarette butts were
visible in plastic and paper containers in the stairwells, on
windowsills, on the floor, and near utility pipes; that
overwhelming amounts of smoke drifted from stairwells into
offices through air vents; that supervisors smoked in small
offices with complete disregard for the health concerns of
individuals that did not smoke; that her immediate supervisor,
Lt. Michael Jeff Clark, disregarded the smoking ordinance and MPD
policy and procedure by smoking in a small unventilated room; and
that high-ranking officials at the MPD did not protect the rights
of non-smokers at the Criminal Justice Complex despite the fact
that they knew of the above activity and knew of the smoking
ordinance.

Plaintiff alleges that, from some point in 2001 until May of
2003, she "was exposed to extreme amounts of second hand smoke."
(Pl.'s Compl. ¶ 23.) Plaintiff subsequently began to experience
physical effects as a result of that exposure that allegedly
included but were not limited to: "(1) aggravation of allergies
once seasonal now constant and ongoing; (2) onset of asthmatic
condition; (3) constant wh[ee]zing; (4) atrill fibrillation; (5)

3

decreased lung capacity; (6) restrictive airways disease; (7) restrictive and concomitant obstructive lung disease and (8) depression and anxiety." (Pl.'s Compl. ¶ 22.)

On August 26, 2002, Plaintiff was transferred out of the Auto Theft Division to the Project Safe Neighborhood Department on the 11th floor of the Criminal Justice Complex. The room at the Project Safe Neighborhood Department to which she was transferred was allegedly smaller than the room in which she worked at the Auto Theft Division. Plaintiff alleges that four of the six people assigned to the Project Safe Neighborhood Department, including Lt. Clark, smoked in the office. Plaintiff further alleges that Lt. Clark smoked in complete disregard of the Plaintiff's communications concerning her respiratory ailments.

Plaintiff placed a bid in February of 2003 to transfer to the West Precinct after experiencing severe asthma attacks, heart palpitations, wheezing, and decreased lung capacity. Plaintiff, however, ultimately decided not to move to the West Precinct after she observed on at least two occasions that the precinct had similar problems concerning supervisors that smoked in non-smoking areas. On March 3, 2003, Lt. Clark asked Plaintiff why she made a bid for placement in the West Precinct. After informing Lt. Clark "that she was leaving because the cigarette smoke was killing her," Lt. Clark replied "'its [sic] like that huh.'" (Pl.'s Compl. ¶ 28.)

4

After making a bid to transfer to the West Precinct, Plaintiff bid for placement in the MED A shift.  Inspector Jerry King, who Plaintiff alleges supervised the Auto Theft Division and Project Safe Neighborhood Department and allegedly often visited the office and witnessed violations of the ordinance, asked Plaintiff why she made a bid for placement in the MED. Plaintiff responded by informing Inspector King that she sought to be moved to a non-smoking location.  Plaintiff also requested an accommodation for an office or area where there was little or no smoke.  Inspector King allegedly refused to make such an accommodation.

Plaintiff alleges that as her physical condition worsened, she was forced to seek the help of doctors to obtain placement in a non-smoking environment.  In particular, Dr. David Holloway of the Stern Cardiovascular Center wrote a letter describing Plaintiff's need to work in a smoke-free environment.[2]  After receiving these letters, Inspector King allegedly failed to enforce the smoking ordinance and did not place Plaintiff in a smoke-free environment.  On April 17, 2003, Dr. Walter Rentrop wrote a note stating that Plaintiff needed to be transferred to a non-smoking area due to her recurrent bronchitis and asthma. Moreover, on April 29, 2003, Dr. Barbara Geater wrote in

---

[2] Plaintiff alleges that Dr. Holloway wrote two separate letters on March 6, 2003, and April 16, 2003, describing her need to work in a smoke-free environment.  Although Plaintiff attached to her Complaint as unmarked exhibits two letters written by Dr. Holloway,  both letters are dated April 16, 2003, and one of them was addressed to Plaintiff.

Plaintiff's on the job injury report that:

> Ms. Thomas had recurrent bronchitis and was being
> evaluated for asthma.  She is to be in a smoke free
> environment - which should not be a problem since 201
> Poplar is supposed to be a smoke free building.  Second
> hand smoke is a health issue for everyone, but is even
> more of a problem for people with bronchitis or asthma.

(Pl.'s Compl. ¶ 33.)  After receiving Dr. Geater's report, Lt.
Clark allegedly continued to violate the smoking ordinance.

Plaintiff subsequently filed this lawsuit alleging claims
under: (1) 42 U.S.C. § 1983 for the deprivation of her rights
under the First, Fifth, and Fourteenth Amendments of the United
States Constitution and under the Americans with Disabilities Act
("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act,
29 U.S.C. § 701, et seq.; (2) 42 U.S.C. §§ 1985 and 1986; and (3)
separate claims under the ADA and Rehabilitation Act.[3]  Plaintiff
seeks damages and declaratory and injunctive relief.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant
may move to dismiss the plaintiff's complaint "for failure to
state a claim upon which relief can be granted." Fed. R. Civ. P.
12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, a
court must treat all of the well-pleaded allegations of the
complaint as true, Saylor v. Parker Seal Co., 975 F.2d 252, 254
(6th Cir. 1992), and must construe all of the allegations in the

---

[3] For the purpose of this motion, the Court will analyze the ADA
and Rehabilitation Act claims in the section discussing Plaintiff's
claims brought under 42 U.S.C. § 1983.

6

light most favorable to the plaintiff.  Scheuer v. Rhodes, 416
U.S. 232, 236 (1974).  "A court may dismiss a complaint only if
it is clear that no relief could be granted under any set of
facts that could be proved consistent with the allegations."
Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. ANALYSIS

The Court will analyze Defendants' respective motions to
dismiss in turn.

#### A.   Motion to Dismiss of Defendant City of Memphis

Defendant City of Memphis moves to dismiss Plaintiff's
Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).
As an initial matter, Defendant moves to dismiss all of
Plaintiff's claims as time-barred under the relevant statute of
limitations.  With the exception of Plaintiff's Rehabilitation
Act claim, which will be later addressed, the Court finds that,
even assuming that Plaintiff's other claims are timely, those
claims must nonetheless fail for the reasons stated below.

##### 1.   42 U.S.C. § 1983

Section 1983 does not create substantive rights, but rather
serves as a "method for vindicating federal rights elsewhere
conferred."  Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979).
To establish a prima facie case under § 1983, a plaintiff must
prove two elements: (1) that the government action occurred
"under color of law" and (2) that the action is a deprivation of
a constitutional right or federal statutory right.  Parratt v.

Taylor, 451 U.S. 527, 535 (1981); Block v. Ribar, 156 F.3d 673,
677 (6th Cir. 1998).  "The first step in any such claim is to
identify the specific constitutional right allegedly infringed."
Albright v. Oliver, 510 U.S. 266, 271 (1994).  Plaintiff claims
that Defendants violated her rights pursuant to the First, Fifth,
and Fourteenth Amendments of the United States Constitution and
pursuant to the ADA and Rehabilitation Act.

### a.    First Amendment

Plaintiff alleges that by violating the smoking ordinance
and disregarding the health concerns of subordinate employees,
all of the Defendants "placed a restraint upon freedom of speech
for fear of retaliation in violation of the 1st Amendment to the
United States Constitution."  (Pl.'s Compl. ¶ 41.)  Defendant
City of Memphis contends that Plaintiff has failed to state a
claim of First Amendment retaliation.  In order to establish a
First Amendment retaliation claim, Plaintiff must show:

> (1) that she was engaged in a constitutionally
> protected activity; (2) that the defendant's adverse
> action caused the plaintiff to suffer an injury that
> would likely chill a person of ordinary firmness from
> continuing to engage in that activity; and (3) that the
> adverse action was motivated at least in part as a
> response to the exercise of the plaintiff's
> constitutional rights.

Strouss v. Michigan Dept. of Corr., 250 F.3d 336, 345-46 (6th
Cir. 2001).  Moreover, because Plaintiff is a public employee,
she must also show the following to demonstrate that her speech
was protected:

> First, the employee must show that her speech touched on matters of public concern. Second, the employee's interest in commenting upon matters of public concern must be found to outweigh the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.

Id. at 345-46 (internal citations and quotation marks omitted). If Plaintiff's speech does not touch on a matter of public concern, then no further inquiry is required. Banks v. Wolfe County Bd. Of Educ., 330 F.3d 888, 892-93 (6th Cir. 2003).

Speech that touches on a matter of public concern is that which relates to "any matter of political, social, or other concern to the community." Connick v. Myers, 461 U.S. 138, 146 (1983). Speech by a public employee that concerns matters only of personal interest, however, generally does not receive constitutional protection. Banks, 330 F.3d at 893 (internal quotation marks omitted) (citing Connick, 461 U.S. at 147). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." Connick, 461 U.S. at 147-48. Generally, speech addresses "matters of public concern when it involves issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government." Banks, 330 F.3d at 893 (internal quotation marks omitted).

Applying the above considerations to the instant case, the Court finds that Plaintiff has not alleged a claim of First Amendment retaliation. In her Complaint, Plaintiff alleges two

9

specific statements she made to her supervisors concerning the
issue of second-hand smoke.  First, Plaintiff responded to an
inquiry by Lt. Clark regarding her reasons for placing a bid to
the West Precinct by stating "that she was leaving because the
smoke was killing her."  (Pl.'s Compl. ¶ 28.)  Next, Plaintiff
responded to an inquiry by Inspector King concerning her reasons
for placing a bid to the MED by stating that she sought to be
moved to a non-smoking location and by requesting an
accommodation to an office or area where there was little or no
smoke.

       Plaintiff's statements do not touch on a matter of public
concern.  In particular, Plaintiff's statements do not relate to
"any matter of political, social, or other concern to the
community."  Connick, 461 U.S. at 146.  Instead, they address a
matter of only personal interest - namely, her desire to be moved
to a non-smoking location.  See Smith v. Fruin, 28 F.3d 646 (7th
Cir. 1994) (finding plaintiff police officer's complaints about
smoking in the workplace and employer's failure to comply with
city ordinance prohibiting smoking in enclosed public places did
not constitute speech on a matter of public concern because
complaints were personal in nature, as plaintiff spoke solely on
his own behalf and in support of his own interest).  The Court
therefore finds that Plaintiff has failed to allege that she
engaged in constitutionally protected activity.  Accordingly, the
Court DISMISSES Plaintiff's claim of First Amendment retaliation.

### b.   Fifth Amendment

Defendant moves to dismiss Plaintiff's Fifth Amendment claim on the basis that the Fifth Amendment only applies to conduct of the Federal Government.  The Court finds the Defendant's argument well taken and accordingly DISMISSES Plaintiff's Fifth Amendment claim.

### c.   Fourteenth Amendment

Plaintiff alleges that all of the Defendants violated the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution.  In particular, Plaintiff alleges that Defendants violated Plaintiff's substantive due process rights by denying her liberty/property interest in her contract with the City of Memphis Police Department by failing to comply with the smoking ordinance.[4]  In

---

[4] Plaintiff, in the section of her Complaint entitled "Prayer For Relief," also alleges that Defendants denied Plaintiff her rights under Federal law by excluding her from providing services as a police officer in the same manner as other police officers employed by the Defendants, "and by making the decision to exclude plaintiff through procedures lacking in due process and in total contradiction to the reasoned judgment of the medical profession, County public health authorities and national public health authorities in general." (Pl.'s Compl. ¶ 68.)

To the extent that Plaintiff is alleging a Fourteenth Amendment procedural due process claim, that claim is DISMISSED, as Plaintiff has not alleged what specific procedures utilized by Defendant City of Memphis were purportedly lacking in due process. See Silvernail v. County of Kent, 385 F.3d 601, 604 (6th Cir. 2004) ("To state a claim for a violation of procedural due process under 42 U.S.C. §§ 1983, plaintiffs must show that they were deprived of a liberty or property interest, and that the procedures afforded to protect that interest were insufficient under the balancing test of Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)") (internal citations omitted).

addition, Plaintiff alleges that Defendants violated the Equal
Protection Clause because they did not provide employees who had
respiratory illnesses with the same employment opportunities as
other employees.

With respect to Plaintiff's substantive due process claim,
the United States Court of Appeals for the Sixth Circuit has held
that:

> Most, if not all, state-created contract rights, while
> assuredly protected by procedural due process, are not
> protected by substantive due process. The substantive
> Due Process Clause is not concerned with the garden
> variety issues of common law contract. Its concerns are
> far narrower, but at the same time, far more important.
> Substantive due process affords only those protections
> so rooted in the traditions and conscience of our
> people as to be ranked as fundamental....
>
> State-created rights such as [an employee's]
> contractual right to promotion do not rise to the level
> of fundamental interests protected by substantive due
> process. Routine state-created contractual rights are
> not deeply rooted in this Nation's history and
> tradition, and, although important, are not so vital
> that neither liberty nor justice would exist if [they]
> were sacrificed.

Charles v. Baesler, 910 F.2d 1349, 1353 (6th Cir. 1990) (internal
quotation marks and citations omitted).  Based on the above
holding in Baesler, the Court DISMISSES Plaintiff's substantive
due process claim.

The Court next addresses Plaintiff's equal protection claim.
The Equal Protection Clause provides that no state shall "deny to

12

any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.  "'To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class' or burdened a fundamental right." Midkiff v. Adams County Reg'l Water Dist., 409 F.3d 758, 770 (6th Cir. 2005) (quoting Purisch v. Tennessee Tech. Univ., 76 F.3d 1414, 1424 (6th Cir. 1996)).  Upon review of the allegations in Plaintiff's Complaint, the Court finds that Plaintiff has not stated a claim for relief under the Equal Protection Clause.  In particular, Plaintiff has not alleged facts demonstrating that Defendant City of Memphis intentionally discriminated against Plaintiff due to her membership in any protected class or that any recognized fundamental right was burdened.  Accordingly, the Court DISMISSES Plaintiff's claims brought pursuant to the Fourteenth Amendment.

### d.   Americans with Disabilities Act

Defendant City of Memphis moves to dismiss Plaintiff's claim under the ADA because Plaintiff did not exhaust her administrative remedies.  A Plaintiff bringing suit under the ADA must exhaust her administrative remedies prior to filing her complaint. Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 309 (6th Cir. 2000).  Because Plaintiff has not alleged in her Complaint that she filed a charge of discrimination with the

Equal Employment Opportunity Commission concerning her ADA claim, the Court DISMISSES this claim.[5]

### e.    Rehabilitation Act

Defendant contends that Plaintiff's Rehabilitation Act claim must be dismissed because it is time-barred.  In actions brought under § 1983, state law governs the duration of the statute of limitations, however, the issue of when the statute begins to run is determined by federal law.  <u>Sharpe v. Cureton</u>, 319 F.3d 259, 266 (6th Cir. 2003).  Under Tennessee law, there is a one year statute of limitations for § 1983 claims.  Tenn. Code. Ann. § 28-3-104(a)(3).  Generally, the statute of limitations begins to run on "the date when the plaintiff knew or through the exercise of reasonable diligence should have known of the injury that forms the basis of his action."  <u>Id.</u>  This is an objective test whereby the Court determines "'what event should have alerted the typical lay person to protect his or her rights.'"  <u>Id.</u>

Defendant contends that Plaintiff should have known of her injury in February of 2003, when she purportedly began to suffer severe asthma attacks, heart palpitations, wheezing, and decreased lung capacity.  Because Plaintiff did not file her Complaint until April 29, 2004, Defendant contends that her Rehabilitation Act claim is barred by the one-year statute of

---

[5] Accordingly, the Court also DISMISSES Plaintiff's separate ADA claim.

limitations.  Plaintiff, on the other hand, contends that
Defendants' conduct constituted a continuing violation so as to
toll the applicable statute of limitations.

The statute of limitations defense is an affirmative defense
for which Defendant bears the burden of proof.  Upon review of
Plaintiff's Complaint and construing all of the allegations in
the light most favorable to the Plaintiff, the Court finds that
there may be a set of facts which could be proved consistent with
the allegations showing that Plaintiff's Complaint was timely.
Accordingly, the Court DENIES, without prejudice, Defendant's
motion to dismiss Plaintiff's Rehabilitation Act claim.[6]

### 2.   42 U.S.C. §§ 1985 and 1986

Defendant next moves to dismiss Plaintiff's claims brought
under 42 U.S.C. §§ 1985 and 1986.  Section 1985(3) prohibits a
conspiracy "for the purpose of depriving either directly or
indirectly, any person or class of persons of the equal
protection of the laws or of equal privileges and immunities
under the laws."  42 U.S.C. § 1985(3).  In order to establish a §
1985(3) claim, Plaintiff must show:

> (1) a conspiracy; (2) for the purpose of depriving,
> either directly or indirectly, any person or class of
> persons of the equal protection of the laws, or of
> equal privileges or immunities of the laws; (3) an act
> in furtherance of the conspiracy; (4) whereby a person
> is either injured in his person or property or deprived
> of any right or privilege of a citizen of the United
> States.

---

[6] Defendant may reassert this defense at the summary judgment
stage.

Radvansky v. City of Olmsted Falls, 395 F.3d 291, 314 (6th Cir. 2005) (internal quotation marks omitted). Plaintiff contends that Defendants conspired to deny her the equal protection of the laws based on the fact that she was disabled. Plaintiff, however, cannot state a claim under § 1985(3) because that statute does not cover claims of disability-based discrimination. Bartell v. Lohiser, 215 F.3d 550, 559 (6th Cir. 2000). In addition, the Court similarly concludes that Plaintiff's § 1986 claim must also fail. See Haverstick Enter., Inc. v. Fin. Fed. Credit, Inc., 32 F.3d 989, 994 (6th Cir. 1994) (holding § 1986 designed to punish individuals who aid and abet violations of § 1985 and when there is no violation of § 1985, there can be no violation of § 1986). Accordingly, the Court DISMISSES Plaintiff's §§ 1985 and 1986 claims.

### B.   Motion to Dismiss of Defendant Shelby County Government, Mayor A.C. Wharton, and Sheriff Mark Luttrell

Defendants Shelby County Government, Mayor A.C. Wharton, and Sheriff Mark Luttrell move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants first contend that the Complaint should be dismissed because all of Plaintiff's claims are time-barred under the relevant statute of limitations. The Court finds, however, that even assuming that Plaintiff's claims are timely, those claims must nonetheless fail for the reasons discussed below.

16

Defendants move to dismiss Plaintiff's claims against Mayor A.C. Wharton and Sheriff Mark Luttrell.  In particular, Defendants contend that these individual Defendants appear to be sued in their official capacities and that because Shelby County Government is already named as a Defendant, the claims against Mayor Wharton and Sheriff Luttrell should be dismissed. Plaintiff's Complaint does not specify whether Mayor Wharton and Sheriff Luttrell are named in their individual or official capacities.

Under the Eleventh Amendment of the United States Constitution, suits brought pursuant to § 1983 against a state and/or state employees in their official capacities are barred, unless the state has waived immunity or Congress has abrogated the state's immunity pursuant to section 5 of the Fourteenth Amendment.  Shepherd v. Wellman, 313 F.3d 963, 967 (6th Cir. 2002) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989)).  Therefore, § 1983 Plaintiffs must "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply their capacity as state officials."  Wells v. Brown, 891 F.2d 591, 593 (6th Cir. 1989).  "Where no explicit statement appears in the pleadings, this Circuit uses a 'course of proceedings' test to determine whether the § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable." Shepherd, 313 F.3d at 967-68 (citing Moore v. City of Harriman,

17

272 F.3d 769, 772 (6th Cir. 2001) (*en banc*)).  In employing this test, courts consider the nature of Plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses that are raised in response to the complaint - specifically, claims of qualified immunity.  <u>Moore</u>, 272 F.3d at 772 n.1.  In addition, courts also consider whether subsequent pleadings place the defendants on notice of the capacity under which he or she is sued.  <u>Id.</u>

Employing the "course of proceedings test," the Court in <u>Moore</u> found that sufficient notice was provided to the relevant officers that they were being sued in their individual capacities despite the fact that the caption in the complaint only listed the individual officers' names and not their official titles. <u>Id.</u> at 773.  In particular, the Court noted that the officers were referred to as "the individual defendants" throughout the complaint.  <u>Id.</u>  Moreover, the complaint stated that the officers were "acting for themselves and for the City" and sought compensatory and punitive damages against "each of the defendants."  <u>Moore</u>, 272 F.3d at 773.  In addition, the Court found that the plaintiff's response to the Defendant officers' motion to dismiss "clarified any remaining ambiguity" when it stated that the individual police officers were being sued in their individual capacities.  <u>Id.</u> at 774.

In the instant case, the Court finds that Plaintiff's Complaint did not place the individual Defendants on notice that

they were being sued in their individual capacities.  Instead, it appears that the mayor and sheriff are being sued in their official capacities.  This conclusion is supported by the fact that the Complaint alleges that Defendant Mayor A.C. Wharton "is the chief executive officer/mayor of Shelby County, Tennessee," and that Defendant Sheriff Mark Luttrell "is charged with the duty and responsibility of managing the Shelby County Sheriff's Office and its various departments."  (Pl.'s Compl. ¶¶ 10-11.) In addition, while the Complaint is silent with respect to the capacity under which Mayor Wharton and Sheriff Luttrell are being sued, it specifically alleges that two Memphis Police Department officers are being sued in their official and individual capacities.  Moreover, the Complaint only requests punitive damages from the aforementioned Memphis Police Department officers.

Although there are indications that Mayor Wharton and Sheriff Luttrell are being sued in their individual capacities - namely, that the Complaint seeks compensatory damages resulting from injuries caused by the "actions of the defendants and each of them" and a declaratory judgment that "defendants and each of them have violated Federal law," the Court finds that Plaintiff's response to Defendants' motion to dismiss clarifies any remaining ambiguity.  <u>Moore</u>, 272 F.3d at 774.  Specifically, Plaintiff's response to Defendants' motion to dismiss states that Plaintiff is not precluded from filing claims "against Defendant[s] Wharton

and Luttrell in their official position." (Pl.'s Obj. to Mot. to Dismiss, Nov. 1, 2004, (Docket No. 15), at 1.) The Court therefore finds that Mayor Wharton and Sheriff Luttrell are being sued in their official capacities. Because Shelby County Government is already a named Defendant in this suit, the Court accordingly DISMISSES Plaintiff's claims against Mayor A.C. Wharton and Sheriff Mark Luttrell. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) (finding that so long as government entity received notice and opportunity to respond, official capacity suit treated as a suit against the entity).

Defendants next move to dismiss Plaintiff's claims against Defendant Shelby County Government because the claims alleged in Plaintiff's Complaint are directed toward Defendant City of Memphis. Plaintiff contends, however, that Defendant Shelby County Government is liable to Plaintiff because it purportedly refused to enforce a City of Memphis ordinance prohibiting smoking in public buildings in derogation of its duty to Plaintiff as lessor and occupier of the building where she was exposed to second-hand smoke - namely, the Criminal Justice Complex at 201 Poplar Avenue in Memphis, Tennessee. Plaintiff also alleges that the close relationship between Defendant Shelby County Government and the Memphis Police Department created a code of silence regarding certain violations of the law and further caused the Defendant to breach its duty to Plaintiff.

The Court finds that, at best, these contentions allege a claim for negligence against Defendant Shelby County Government. Mere negligence, however, cannot establish the basis for municipal liability under § 1983.[7] <u>Memphis, Tennessee Area Local, Am. Postal Workers Union v. City of Memphis</u>, 361 F.3d 898 (6th Cir. 2004) (citing <u>Daniels v. Williams</u>, 474 U.S. 327, 330 (1986)). Plaintiff therefore cannot assert claims for the deprivation of her rights under the First, Fifth,[8] and Fourteenth Amendments and under the ADA and Rehabilitation Act[9] as a result of Defendant's alleged negligent conduct. Moreover, because Plaintiff cannot assert a § 1985(3) claim for disability-based discrimination, Plaintiff's §§ 1985 and 1986 claims must also fail. <u>See Lohiser</u>, 215 F.3d at 559-60; <u>Haverstick Enter., Inc.</u>, 32 F.3d at 994.

---

[7] In addition, the Court notes that a violation of state law cannot support a § 1983 cause of action. <u>Otworth v. Vanderploeg</u>, 61 Fed. Appx. 163, 166 (6th Cir. Mar. 19, 2003) (citing <u>Flagg Bros. v. Brooks</u>, 436 U.S. 149, 155-57 (1978)).

[8] Plaintiff's due process and equal protection claims brought pursuant to the Fifth Amendment against Defendant Shelby County Government would also fail because that Amendment applies to conduct of the Federal Government. <u>Sturgell v. Creasy</u>, 640 F.2d 843, 850 (6th Cir. 1981).

[9] Plaintiff would also be precluded from bringing claims against Defendant Shelby County Government under the ADA and Rehabilitation Act because Plaintiff alleges she was employed by the City of Memphis, rather than Defendant Shelby County Government and such suits must be brought against an employer as defined in Title VII. <u>See Hiler v. Brown</u>, 177 F.3d 542, 547 (6th Cir. 1999) (holding individuals who do not meet definition of "employer" under Title VII are not personally liable under Rehabilitation Act).

Moreover, having dismissed Plaintiff's ADA and Rehabilitation Act claims brought pursuant to § 1983, the Court similarly DISMISSES Plaintiff's separate ADA and Rehabilitation Act claims.

The Court accordingly GRANTS the Motion of Defendants Shelby County Government, Mayor A.C. Wharton, and Sheriff Mark Luttrell to Dismiss and DISMISSES all of Plaintiff's claims against these Defendants.[10]

### C.   Motions to Dismiss of Defendants Jerry King and Lieutenant Michael Jeff Clark

#### 1.   Defendant Jerry King

Defendant Jerry King moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve process upon the Defendant. In addition, Defendant moves to dismiss for lack of personal jurisdiction,[11] insufficiency of process, and insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5), respectively.

Plaintiff filed her Complaint in the instant lawsuit on April 29, 2004. A summons was issued to Defendant King on August

---

[10] In her response to Defendants' motion to dismiss, Plaintiff sought leave to amend her Complaint to "more fully set forth the ... nexus between the actions and duty of the County to the plaintiff and others similarly situated." (Pl.'s Mem. in Supp. of Obj. to Mot. to Dismiss, Nov. 1, 2004, (Docket No. 16), at 4-5.) Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading after a responsive pleading is served only by leave of the court. In deciding whether to grant leave to amend, the trial judge may consider such factors as undue prejudice to the opposing party, undue delay in filing, and futility of the amendment. Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989).

Because the Court finds that Plaintiff's proposed amendment would not affect its determination regarding Plaintiff's claims and would therefore be futile, the Court DENIES Plaintiff leave to file an amended complaint.

[11] Defendant specifically contends that the Court lacks personal jurisdiction over him because he was not properly served by Plaintiff under the Federal Rules of Civil Procedure.

27, 2004.  On September 6, 2004, service of process was attempted

on Defendant.  (Aff. Of Janet Rogers ¶ 3, attached as unnumbered

exhibit to Mot. of Def. Jerry King to Dismiss and/or in the Alt.

for Summ. J.)  Specifically, a copy of the summons and complaint

was left at Defendant's home with Ms. Janet Rogers.  (Id. ¶¶ 4-

5.)  Ms. Rogers informed the process server that the Defendant

was out of town and that she did not reside at Defendant's

address.  (Id. ¶ 4.)  To date, the record reflects that no return

of service has been filed with the Court.

Federal Rule of Civil Procedure 4(m) provides that:

> If service of the summons and complaint is not made
> upon a defendant within 120 days after the filing of
> the complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, shall dismiss
> the action without prejudice as to that defendant or
> direct that service be effected within a specified
> time; provided that if the plaintiff shows good cause
> for the failure, the court shall extend the time for
> service for an appropriate period. This subdivision
> does not apply to service in a foreign country pursuant
> to subdivision (f) or (j)(1).

Fed. R. Civ. P. 4(m).

In the instant case, Plaintiff filed her Complaint on April

29, 2004.  Service was then attempted on Defendant on September

6, 2004, which was more than 120 days after the filing of the

Complaint.  However, in her response to the September 15, 2004,

motion to dismiss of Defendants Shelby County Government, Mayor

A.C. Wharton, and Sheriff Mark Luttrell, Plaintiff asserted that

her failure to serve process on the Defendants within 120 days

was for good cause.  (Pl.'s Mem. of Law in Supp. of Obj. to Mot.

23

to Dismiss, Nov. 1, 2004, (Docket No. 16), at 7.)   Plaintiff also
sought leave to serve Defendant.   (Id.)   The Court finds that
Plaintiff has demonstrated good cause for her failure to serve
Defendant under Rule 4(m).[12]   Pursuant to that rule, the Court
accordingly grants Plaintiff an additional forty-five (45) days
to effect service upon Defendant King.   Because the Court has
granted Plaintiff additional time to effect service upon
Defendant, Defendant's motion to dismiss is DENIED.

### 2.    Defendant Lt. Clark

Defendant Lieutenant Michael Jeff Clark ("Lt. Clark") also
moves to dismiss Plaintiff's Complaint pursuant to Federal Rule
of Civil Procedure 4(m).   In particular, Defendant contends that
he did not receive service of the summons until August 30, 2004,
which was more than 120 days after Plaintiff filed her Complaint
on April 29, 2004.   However, for the reasons described above, the
Court finds that Plaintiff has demonstrated good cause for her
failure to timely serve the Defendant.   Accordingly, pursuant to
Rule 4(m), the Court extends the time for Plaintiff to serve
Defendant such that Plaintiff's prior service on Lieutenant Clark
shall be considered timely.   Accordingly, the Court DENIES Lt.
Clark's motion to dismiss pursuant to Rule 4(m).

---

[12] In a separate case before the Court, <u>Green v. City of Memphis,</u>
<u>et al.,</u> No. 03-2991, filed Dec. 31, 2003, Plaintiff's counsel filed an
*in camera* statement that the Court finds satisfies the good cause
requirement contained in Rule 4(m).   Plaintiff should submit to the
Court the *in camera* statement filed in <u>Green</u> so that it may be filed
in the record of the instant case.

Lt. Clark next moves to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  The Court DISMISSES Plaintiff's § 1983 claims against Lt. Clark for the deprivation of rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution and under the ADA,[13] as well as Plaintiff's §§ 1985 and 1986 claims, for the same reasons it dismissed those claims against Defendant City of Memphis.  (See supra Section III. A.)  Moreover, because Lt. Clark is not an "employer"[14] as defined under Title VII, Plaintiff's § 1983 claim against him for deprivation of rights under the Rehabilitation Act must also fail.  See Hiler, 177 F.3d at 547 (holding individuals who do not meet definition of

---

[13]   Accordingly, the Court also DISMISSES Plaintiff's separate ADA claim against Lt. Clark.

[14] Title VII defines an "employer" as:

> [A] person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of Title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26, except that during the first year after March 24, 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers.

42 U.S.C. § 2000e(b)

"employer" under Title VII are not personally liable under Rehabilitation Act).[15]

Therefore, for the foregoing reasons, the Court GRANTS Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and DISMISSES all of Plaintiff's claims against Defendant Lt. Michael Jeff Clark.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' motions to dismiss.

The Court GRANTS in part and DENIES in part the motion to dismiss of Defendant City of Memphis.  In particular, the Court DISMISSES Plaintiff's First, Fifth, and Fourteenth Amendment and ADA claims brought under 42 U.S.C. § 1983.  The Court also DISMISSES Plaintiff's separate ADA claim as well as Plaintiff's claims brought under 42 U.S.C. §§ 1985 and 1986.  The Court, however, DENIES, without prejudice, Defendant's motion to dismiss Plaintiff's Rehabilitation Act claim.

The Court GRANTS the motion to dismiss of Defendants Shelby County Government, Mayor A.C. Wharton, and Sheriff Mark Luttrell and DISMISSES all of Plaintiff's claims against those Defendants. The Court also GRANTS Defendant Lt. Michael Jeff Clark's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and DISMISSES all of Plaintiff's claims against Lt. Clark.

---

[15] Accordingly, the Court also DISMISSES Plaintiff's separate Rehabilitation Act claim against Lt. Clark

Finally, the Court DENIES Defendant Jerry King's motion to dismiss pursuant to Federal Rule of Civil Procedure 4(m).

So ORDERED this 2 day of August, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 29 in
case 2:04-CV-02314 was distributed by fax, mail, or direct printing on
August 3, 2005 to the parties listed.

---

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Brian L. Kuhn
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Wanda Abioto
LAW OFFICE OF WANDA ABIOTO
1555 Madison Ave.
Memphis, TN 38104

Louis P. Britt
FORD & HARRISON, LLP
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Timothy P. Taylor
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT