```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| **DAFFNEY THOMAS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2314-Ml/V |
| | ) | |
| **CITY OF MEMPHIS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING MOTION OF DEFENDANT JERRY KING FOR RECONSIDERATION OF HIS MOTION TO DISMISS AND/OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND ORDER GRANTING MOTION TO DISMISS**

Before the Court is Defendant Jerry D. King's Motion for Reconsideration of his Motion to Dismiss and/or in the Alternative for Summary Judgment, filed October 18, 2005. Plaintiff has not filed a response. For the reasons set forth below, Defendant King's motion for reconsideration is GRANTED. Defendant King's Motion to Dismiss and/or in the Alternative for Summary Judgment, filed December 22, 2004, is also GRANTED.

Plaintiff filed the instant action on April 29, 2004. On December 22, 2004, Defendant King filed a Motion to Dismiss and/or in the Alternative for Summary Judgment pursuant to Federal Rules of Civil Procedure 4(m) for failure to timely serve process. On August 3, 2005, the Court entered an order denying Defendant King's motion to dismiss and granting Plaintiff an additional forty-five days to effect service. The Court

explained:

> In the instant case, Plaintiff filed her Complaint on April 29, 2004. Service was then attempted on Defendant on September 6, 2004, which was more than 120 days after the filing of the Complaint. However, in her response to the September 15, 2004, motion to dismiss of Defendants Shelby County Government, Mayor A.C. Wharton, and Sheriff Mark Luttrell, Plaintiff asserted that her failure to serve process on the Defendants within 120 days was for good cause. (Pl.'s Mem. of Law in Supp. of Obj. to Mot. to Dismiss, Nov. 1, 2004, (Docket No. 16), at 7.) Plaintiff also sought leave to serve Defendant [King]. (Id.) The Court finds that Plaintiff has demonstrated good cause for her failure to serve Defendant under Rule 4(m). Pursuant to that rule, the Court accordingly grants Plaintiff an additional forty-five (45) days to effect service upon Defendant King. Because the Court has granted Plaintiff additional time to effect service upon Defendant, Defendant's motion to dismiss is DENIED.

(August 2, 2005, Order 24.)

In his Motion for Reconsideration, Defendant King notes that "[m]ore than forty-five (45) days has elapsed and no service has been effected on Defendant King nor has any subsequent process issued as to Defendant King." (Mot. Def. King for Reconsideration 1.) To date, the record reflects that no return of service has been filed with this Court, nor has further process been issued. In addition, Plaintiff has not demonstrated good cause for his failure to effect service or otherwise responded to the Court's order of August 2, 2005, granting Plaintiff additional time to effect service. Accordingly, pursuant to Rule 4(m), the Court GRANTS Defendant King's motion to dismiss for lack of personal jurisdiction.

So ORDERED this 24th day of January, 2006.

                                             /s/ Jon P. McCalla
                                            JON P. McCALLA
                                            UNITED STATES DISTRICT JUDGE